Frank X. Ruggier CLS-B (CA Bar No. 198863)
*frank@lsimonslaw.com*
**LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Street, Suite 110
Mission Hills, California 91345
Telephone: 818.672.1778
Facsimile: 626.389.5607

Attorney for Larry D. Simons, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>FRANCISCO XAVIER CASTELLANOS,<br><br>Debtor.<br><br>LARRY D. SIMONS, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>IRMA N. CASTELLANOS, an individual; and RUFILO CASTELLANOS, an individual<br><br>Defendants, | Case No. 6:15-bk-17538-SC<br><br>Adv. Proc. No.<br><br>Chapter 7<br><br>**COMPLAINT TO:**<br>**(1) AVOID AND RECOVER FRAUDULENT TRANSFER;**<br>**(2) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL PROPERTY; AND**<br>**(3) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR**<br><br>[11 U.S.C. §§ 363(h), 544, 548 and 550 and Cal. Civil Code § 3439]<br><br>DATE:  TO BE SET<br>TIME:   TO BE SET<br>PLACE: Video Hearing  126<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**TO THE DEFENDANTS, AND THEIR COUNSEL OF RECORD, IF ANY:**

For his Complaint to: (1) Avoid and Recover Fraudulent Transfer; (2) Obtain Declaratory Relief as to Ownership of Real Property; and (3) Authorize Sale of Property Owned in Part by Non-Debtor (the "Complaint") against the defendants Irma N. Castellanos and Rufilo Castellanos

1

COMPLAINT TO: (1) AVOID AND RECOVER FRAUDULENT TRANSFER; (2) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL PROPERTY; AND (3) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

(collectively the Defendants"), plaintiff Larry D. Simons, the duly appointed, qualified and acting Chapter 7 Trustee for the estate of the debtor Francisco Xavier Castellanos (the "Debtor") hereby alleges as follows:

### STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (H), (M) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2. This proceeding is brought pursuant to 11 U.S.C. §§ 336(h), 544, 548 and 550, California Civil Code § 3439 and Rules 7001(1), (3) and (9) of the Federal Rules of Bankruptcy Procedure.

3. Plaintiff, Larry D. Simons (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Riverside Division which is styled In re Francisco Xavier Castellanos, bearing Case No. 6:15-bk-17538-SC (the "Bankruptcy Case").

4. The debtor Francisco Xavier Castellanos (the "Debtor") initiated the Bankruptcy Case by filing a voluntary Chapter 7 petition on July 29, 2015 (the "Petition Date").

5. The Trustee is informed and believes, and based thereon alleges, that defendant Irma N. Castellanos ("Defendant Irma"), is an individual residing within the jurisdiction of this Court and is the ex-spouse of the Debtor.

6. The Trustee is informed and believes, and based thereon alleges, that defendant Rufilo Castellanos ("Defendant Rufilo"), is an individual residing within the jurisdiction of this Court and is the brother of the Debtor. Defendant Irma and Defendant Rufilo are collectively referred herein as the "Defendants".

///

///

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

COMPLAINT TO: (1) AVOID AND RECOVER FRAUDULENT TRANSFER; (2) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL PROPERTY; AND (3) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7. The instant complaint (the "Complaint") against the Defendants initiates an adversary proceeding in which Trustee is seeking to recover for the benefit of creditors the improved real property commonly known as 11227 Bolton Avenue, Ontario, California 91762, APN 1012-332-04 (the "Subject Property").

8. The Trustee is informed and believes, and based thereon, alleges that on or about November 8, 1993, the Debtor and Defendant Irma (his then spouse) purchased the Subject Property for valuable consideration and took title as husband and wife as joint tenants.

9. The Trustee is informed and believes, and based thereon, alleges that at the time the Debtor and Defendant Irma purchased the Subject Property, Defendant Rufilo was added to the title as another joint tenant to help for loan qualification purposes only. Defendant Rufilo never put any money towards the purchase or maintenance of the Subject Property and at no time ever had any ownership interest in the Subject Property.

10. The Trustee is informed and believes, and based thereon, alleges that the Debtor and Defendant Irma were divorced on or about April 6, 2011. The marital dissolution judgment entered in their family law case, Case No. FAMRS 1003325, provides for no division of community assets and no division of the Subject Property.

11. The Trustee is informed and believes, and based thereon, alleges that after the marital community ended, the Debtor and Defendant Irma remained joint tenants and joint owners of the Subject Property.

12. The Trustee is informed and believes, and based thereon, alleges that on June 10, 2015, approximately fifty (50) days prior to the Petition Date, the Debtor and Defendant Rufilo transferred the Subject Property to Defendant Irma pursuant to a grant deed (the "Grant Deed") for no consideration.

13. The Trustee is informed and believes, and based thereon, alleges that the Grant Deed was recorded in the Official Records of the Recorder's Office of San Bernardino County, California on June 10, 2015 as Document Number 2015-0241345 (the "Subject Transfer"). The Grant Deed

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

reflects that there were no documentary transfer taxes paid and therefore no consideration for the Subject Transfer.

14. The Trustee is informed and believes, and based thereon, alleges that the Subject Transfer constitutes a "transfer" within the meaning of 11 U.S.C. § 101 (54).

15. The Trustee is informed and believes and, on based thereon, alleges that the Subject Property is located in the Central District of California.

16. The Trustee is informed and believes and, on based thereon, alleges that at the time of the Subject Transfer, the Subject Property had a fair market value of no less than approximately $295,000.00.

17. The Trustee is informed and believes, and based thereon, alleges that at the time of the Subject Transfer, the Subject Property was encumbered by a deed of trust in favor of Nationstar Mortgage in the approximate amount of $171,000.00. Therefore, there was significant equity in the Subject Property at the time of the Subject Transfer.

18. The Trustee is informed and believes and, on based thereon, alleges that the Subject Transfer affected a transfer of all or substantially all of the Debtor's assets.

19. The Trustee is informed and believes and, on based thereon, alleges that there exist in this case on ore more creditors holding unsecured claims allowable under 11 U.S.C. § 502 that could avoid the Subject Transfer under applicable California law.

## FIRST CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT

[11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)]

20. Plaintiff realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

21. Plaintiff is informed and believes, and based thereon, alleges that the Subject Transfer was made with the actual intent to hinder, delay or defraud the Debtor's creditors.

22. By reason of the foregoing, the Subject Transfer is avoidable pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a).

## SECOND CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

**[11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.05]**

23. Plaintiff realleges each and every allegation contained in paragraphs 1 through 22 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

24. Plaintiff is informed and believes, and based thereon, alleges that the Subject Transfer was made for less than reasonably equivalent value at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent.

25. By reason of the foregoing, the Subject Transfer is avoidable pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.05.

## THIRD CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT

**[11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(b)(1)]**

26. Plaintiff realleges each and every allegation contained in paragraphs 1 through 25 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

27. Plaintiff is informed and believes, and based thereon, alleges that the Subject Transfer was made without the Debtor receiving reasonably equivalent value in exchange for the Subject Transfer, and that at the time of the Subject Transfer the Debtor was engaged or was about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction.

28. By reason of the foregoing, the Subject Transfer is avoidable pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439-.04(b)(1).

## FOURTH CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT

**[11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(b)(2)]**

29. Plaintiff realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

COMPLAINT TO: (1) AVOID AND RECOVER FRAUDULENT TRANSFER; (2) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL PROPERTY; AND (3) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

30.  Plaintiff is informed and believes, and based thereon, alleges that the Subject Transfer was made without the Debtor receiving reasonably equivalent value in exchange for the Subject Transfer, and that the Debtor intended to incur, or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as they became due.

31.  By reason of the foregoing, the Subject Transfer is avoidable pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(b)(2).

## FIFTH CLAIM FOR RELIEF

### RECOVERY OF AVOIDED TRANSFER

### [11 U.S.C. § 550(a)]

32.  Plaintiff realleges each and every allegation contained in paragraphs 1 through 31 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

33.  By reason of the foregoing, Plaintiff is entitled to recover the Subject Property or its value from the Defendants pursuant to 11 U.S.C. § 550(a).

## SIXTH CLAIM FOR RELIEF

### FOR DECLARATORY RELIEF AGAINST RUFILO CASTELLANOS

34.  Plaintiff realleges each and every allegation contained in paragraphs 1 through 33 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

35.  An actual controversy exists between Plaintiff and Defendant Rufilo concerning their respective rights and duties in that the Defendant Rufilo contends or will contend that he has an ownership interest in the Subject Property as a joint tenant which is not part of the Estate, whereas Plaintiff disputes this contention and contends that Defendant Rufilo currently has no interest and has never had an ownership interest in the Subject Property.

36.  Plaintiff desires a judicial determination of his rights and duties and a declaration that Defendant Rufilo has no interest in the Subject Property and has no claims against the Subject Property and the Estate.

///

///

# SEVENTH CLAIM FOR RELIEF

## TO OBTAIN APPROVAL FOR SALE OF REAL PROPERTY OWNED,

## IN PART, BY A NON-DEBTOR

### [11 U.S.C. § 363(h)]

37. Plaintiff realleges each and every allegation contained in paragraphs 1 through 36 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

38. Based upon the current value of the Subject Property and the outstanding debt against the Subject Property as of the Petition Date, and taking into account, estimated costs of sale, the Subject Property has gross equity of about $147,000.00, at least half of which constitutes property of the Estate.

39. Partition of the Subject Property between the Estate and Defendants is impracticable.

40. The sale of the Estate's undivided interest in the Subject Property would realize significantly less for the Estate than sale of the Subject Property free of the interests of the Defendants.

41. The benefit to the Estate of a sale of the Subject Property free of the interests of Defendants outweighs the detriment, if any, to the Defendants.

42. The Subject Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

43. By reason of the foregoing, the Plaintiff may sell the interest of the Defendants in the Property pursuant to Section 363(h).

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

ON THE FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF

1. For a judgment that the Subject Transfer of the Subject Property be avoided;

ON THE FIFTH CLAIM FOR RELIEF

2. For a judgment that the Subject Property, or its respective value, be recovered for the benefit of the estate pursuant to 11 U.S.C. § 550;

///

ON THE SIXTH CLAIM FOR RELIEF

3. For a judgment that Defendant Rufilo has no ownership interest in the Subject Property and Defendant Rufilo has no claims against the Subject Property and the Estate;

ON THE SEVENTH CLAIM FOR RELIEF

4. To obtain approval for the sale of the interest of the Defendants, non-Debtors in the Subject Property pursuant to 11 U.S.C. § 363(h);

ON ALL CLAIMS FOR RELIEF

5. For attorney's fees; and

6. For costs of suit incurred herein; and

7. For such other and further relief as this Court deems just and proper.

Dated: January 7, 2016                    **LAW OFFICES OF LARRY D. SIMONS**

_____
Frank X. Ruggier
Attorney for Larry D. Simons, Chapter 7 Trustee

COMPLAINT TO: (1) AVOID AND RECOVER FRAUDULENT TRANSFER; (2) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL PROPERTY; AND (3) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Frank X. Ruggier, CLS-B (CBN 198863)<br>frank@lsimonslaw.com<br>LAW OFFICES OF LARRY D. SIMONS<br>15545 Devonshire Street, Suite 110<br>Mission Hills, CA 91345<br>Telephone: (818) 672-1778<br>Fax: (626) 389-5607<br><br><br>*Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>FRANCISCO XAVIER CASTELLANOS<br><br><br><br><br>Debtor(s). | CASE NO.: 6:15-bk-17538-SC<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| LARRY D. SIMONS, Chapter 7 Trustee<br><br>Plaintiff(s)<br>Versus<br>IRMA N. CASTELLANOS, an individual; and<br>RUFILO CASTELLANOS, an individual<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** 126 | **Place:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☒ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012        Page 1        F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                                **KATHLEEN J. CAMPBELL**
                                                **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                                By: _____
                                                       Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                  Page 2                              **F 7004-1.SUMMONS.ADV.PROC**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>LARRY D. SIMONS, Chapter 7 Trustee | **DEFENDANTS**<br>IRMA N. CASTELLANOS, an individual; and RUFILO CASTELLANOS, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Frank X. Ruggier (CA Bar No. 198863)<br>Law Offices of Larry D. Simons<br>15545 Devonshire Street, Suite 110, Mission Hills, CA 91345<br>Tel: (818) 672-1778; Fax (626) 278-5607 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO:
(1) AVOID AND RECOVER FRAUDULENT TRANSFER;
(2) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL PROPERTY; AND
(3) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☒ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ n/a |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Francisco Xavier Castellanos | BANKRUPTCY CASE NO.<br>6:15-bk-17538-SC | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside | | NAME OF JUDGE<br>Hon. Scott C. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>January 7, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Frank X. Ruggier, Counsel for Larry D. Simons, Chapter 7 Trustee | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.